EASTERN DIST.
- *March*, 1838.

M'MICKEN
*vs.*
SMITH ET AL.

M'MICKEN *vs.* SMITH ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

12L 155
48 472

A curator *ad hoc* to an absentee who is sued, should be appointed to represent him, and defend the suit, when he is not otherwise represented in the state.

The plaintiff instituted suit against the defendant, Smith, and held him to bail. The latter gave bail and bond, conditioned to appear at the next term of the court, to answer such judgment as should be obtained against him. He failed to appear, and on motion of the plaintiff, on showing to the court that the defendant was an absentee, it was ordered that Isaac Johnson be appointed curator *ad hoc* to said defendant. At the following term, this appointment was set aside by the court, and on motion of the plaintiff's counsel, the same person was appointed of counsel to represent said defendant. Another term of the court came round, and at the instance of the counsel appointed to represent the absentee, his appointment was revoked as irregular and illegal, and a non-suit entered. The plaintiff appealed.

*Bullard* and *Thomas*, for the plaintiff, insisted, that the first appointment of a curator *ad hoc* to the absentee, was proper and legal, and the suit should be reinstated. They cited the case of Zacharie *vs.* Blandin, 4 La. Reports, 156.

*I. Johnson*, *contra*, contended, that the court had no jurisdiction, as no property was attached, and the party was not legally cited. No service of citation and petition was made on him.

*Bullard, J.*, delivered the opinion of the court.

This case cannot be distinguished in principle from that of Zacharie *vs.* Blandin, 4 Louisiana Reports, 154. It

EASTERN DIST.
April, 1838.

A curator ad
noc to an absen-
tee who is sued,
should be ap-
pointed to repre-
sent him, and
defend the suit,
when he is not
otherwise repre-
sented in the
state.

differs only in this, that after the appointment of a curator, ad hoc, to the absentee, who had given bail for his appearance, and after service of citation on the curator, the appointment was set aside by an interlocutory order, and an attorney appointed ; and ultimately, the last appointment was thought irregular, and the suit dismissed. The plaintiff appealed from that judgment.

It has been contended, that this court cannot now inquire into the regularity of the first appointment of curator ad hoc, but that our inquiry ought to be confined to the second. We do not concur in that opinion. The whole question was before the District Court, for, if there was a regular service upon a curator ad hoc, duly appointed, the plaintiff had a right to insist upon further proceedings. Different judges may have presided at different terms, but we must consider it the same court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, the non-suit set aside, and the case be reinstated, and that it be remanded for further proceedings according to law, and that the defendant pay the costs of the appeal.